UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH C., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br> Defendant. | CASE NO. 3:18-cv-05854-JCC-JRC <br><br> REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT <br><br> NOTING DATE: June 21, 2019 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261, 271–72 (1976). *See* Dkt. 2. This matter has been fully briefed. *See* Dkts. 10, 14, 16.

Plaintiff alleged disability on the basis of physical and mental impairments including back problems, nerve injury, and anger and aggression issues. In support of his claims, plaintiff provided evidence including his counselor's statement that plaintiff's aggression issues required him to be able to "regularly" step away from work to avoid lashing out at others. Although the

1  ALJ found that plaintiff only "rarely" had to step away from work, and rejected the counselor's
2  statement on that basis, the ALJ then formulated an RFC that included no requirement that
3  plaintiff be able to step away even "rarely." The ALJ also ignored an orthopedic doctor's
4  statement that plaintiff's carpal tunnel syndrome ("CTS") could aggravate his cervical spinal
5  disorder. These errors were not harmless; however, because outstanding factual issues remain,
6  the undersigned recommends that this matter be remanded for further proceedings, rather than an
7  award of benefits.

8

9                                              FACTS

10      In May 2015, plaintiff, who was 47 years old, applied for supplemental security income
11  benefits under 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act. *See* AR. 25, 292.
12  Plaintiff's highest level of education was completing the eighth grade, and he had most recently
13  done janitorial work. *See* AR. 255–56, 264. Plaintiff alleged that he had stopped working
14  because of mental conditions including "Adhd," "bipolar," insomnia, depression, anxiety, anger,
15  and aggression and because of physical conditions including a back injury and nerve damage.
16  *See* AR. 254. The Administration denied his applications initially and following reconsideration.
17  AR. 25.
18      In November 2017, Administrative Law Judge Larry Kennedy (the "ALJ") found that
19  plaintiff was not disabled during the relevant period. *See* AR. 42. At step 2, the ALJ found that
20  plaintiff had at least the severe impairments of degenerative disc disease of the cervical and
21  lumbar spine, CTS, arthritis of the right shoulder, gastroesophageal reflex disease, bipolar versus

22

23

24

intermittent explosive disorder, and intellectual disability versus learning disorder.[1] *See* AR. 27–28.

The Appeals Council denied plaintiff's request for review. AR. 1. Plaintiff then filed a complaint for judicial review of the ALJ's decision in this Court. *See* Dkt. 4.

# DISCUSSION

## I. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## II. Counselor Weeks' Opinion and the RFC

Plaintiff asserts that the ALJ erred when he failed to include a limitation—that plaintiff had to leave his work station "regularly," when plaintiff's anger was triggered—recommended by plaintiff's counselor, Tim Weeks, LMHC. *See* Dkt. 10, at 4.

The ALJ had to provide "germane" reasons to reject the testimony of Weeks, a licensed mental health counselor. *See Turner v. Cmm'r*, 613 F.3d 1217, 1224 (9th Cir. 2010); *see also* former 20 C.F.R. § 404.1513(d) (2013). And "[i]n determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including . . . 'the effects of symptoms . . . that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (quoting Social Security Ruling 96-8).

---

[1] The ALJ also included "headache" in the list of severe impairments, but this appears to be a scrivener's error, as the ALJ expressly found that headaches were not a medical determinable impairment that lasted for 12 continuous months. *See* AR. 28.

1    In 2017, counselor Weeks indicated that a major focus of plaintiff's treatment was
2 "managing [plaintiff's] anger outbursts," that it was consistent with plaintiff's reports during
3 treatment that plaintiff's primary strategy for avoid angry outbursts was "to leave the location
4 and company of the person or event triggering his anger," and that "to succeed in an employment
5 environment," plaintiff would "require accommodation in the form of being allowed to leave his
6 work station or work place on a regular basis to avoid lashing out at co-workers or supervisors
7 when his anger was triggered." AR. 717.  However, in the RFC, the ALJ did not include any
8 particular requirement that plaintiff be allowed to leave his work place or work station on a
9 regular basis. *See* AR. 31–32.  The ALJ merely restricted plaintiff to "minimal supervisor
10 contact," "no more than superficial interactions with co-workers and no public contact," and
11 working in proximity to, but not cooperation with, coworkers. *See* AR. 31–32.

12   The ALJ did not include the limitation about a regular ability to leave the workplace
13 recommended by counselor Weeks because the ALJ found that "counseling notes indicate that
14 [plaintiff] was rarely triggered despite encountering frustrating events and that even when
15 triggered, he stepped outside for a few deep breaths." AR. 39.  Essentially, the ALJ found that
16 plaintiff's condition required only "rare," short breaks and thus rejected counselor Weeks'
17 opinion that plaintiff required "regular" breaks for an unspecified amount of time—but then the
18 ALJ incorporated no limitation related to needing "rare," short breaks into the RFC.  Having
19 found that plaintiff required at least "rare," short breaks, the ALJ erred in failing to incorporate
20 any such limitation into the RFC.

21   Defendant argues that the ALJ did incorporate this limitation into the RFC by limiting
22 plaintiff's interactions with others, as well as "the nature of his work." Dkt. 14, at 13.  But as
23 noted, the ALJ only barred plaintiff from interacting with the public and still allowed limited

1  interactions with supervisors and coworkers. *See* AR. 31–32 (noting that minimal supervisor
2  contact did not bar all contact, but meant "contact that does not occur regularly," and that
3  superficial interactions with coworkers was allowed).

4  Although finding that plaintiff would still need "rare," short breaks, the ALJ included
5  nothing in the RFC to allow for such breaks. Instead, the ALJ vaguely stated that "[t]o the extent
6  that this form may be advocating for further limitation, I have assigned it little weight." AR. 39.
7  Although defendant argues that the ALJ could have found that the superficial contact included in
8  the RFC would not cause plaintiff's angry outbursts, the ALJ's decision is devoid of any such
9  rational, and it is not this Court's role to provide it. *See Bray v. Cmm'r of Soc. Sec.*, 554 F.3d
10 1219, 1225 (9th Cir. 2009). The Court therefore finds that the ALJ erred in determining the RFC
11 because the ALJ failed to include any limitation about rare, short periods when plaintiff would
12 have to step away from work, despite finding that plaintiff required such an accommodation
13 when rejecting counselor Weeks' statement.

14      **III. Dr. Greffen's Statement about CTS' Effect on Cervical Spinal Disorder**

15 Plaintiff further argues that the ALJ improperly assessed the severity of plaintiff's
16 symptoms from his cervical spinal disorder because the ALJ ignored that plaintiff's CTS
17 exacerbated plaintiff's spinal disorder symptoms. *See* Dkt. 10, at 6. In particular, plaintiff relies
18 on a treating physician's (Jon Greffen, D.O.) statement that CTS "can amplify and magnify[] any
19 pain more proximal up to the spinal cord." AR. 639. Dr. Greffen further stated that he was "not
20 saying [plaintiff's] neck pain comes from the carpal tunnel but it certainly be exarcerbate it [sic]
21 to a very significant degree." AR. 639. Dr. Greffen then recommended treatment of plaintiff's
22 CTS. AR. 639.

23
24

1  An ALJ errs if he rejects significant, probative evidence without explanation. *See*
2  *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). Here, the ALJ's mention of Dr.
3  Greffen's treatment notes ignores the reference to CTS potentially exacerbating plaintiff's
4  cervical spinal condition. *See* AR. 33. This evidence was significant and probative because it
5  could support that plaintiff's CTS—which the ALJ found was severe enough to cause some
6  restriction to plaintiff's work abilities (*see* AR. 31)—could also account for the severe cervical
7  spinal disorder-related symptoms that plaintiff and his providers discussed. Indeed, in the
8  portion of the ALJ's decision discussing how he formulated the RFC, the ALJ found that
9  although there was some evidence of back issues, the medical evidence was inconsistent with the
10 severity of cervical spinal issues that plaintiff claimed—a conclusion that could be called into
11 question if the ALJ had credited Dr. Greffen's statement about CTS' impact on cervical spinal
12 disorder. *See* AR. 33 (rejecting plaintiff's allegations about the severity of his cervical spinal
13 symptoms because imaging showed no impingement and EMG studies did not indicate
14 radiculopathy).

15 Defendant argues that the ALJ did, in fact, consider this evidence because the ALJ recited
16 that "he was required to consider [p]laintiff's impairments in combination and stated at step three
17 and in the residual functional capacity finding that he had done so." Dkt. 14, at 2. The Court
18 disagrees: case law requires the ALJ to explain "why" he chose to disregard Dr. Greffen's
19 statement, which was significant, probative evidence, and this Court will not simply ignore the
20 failure to do so. *See Vincent*, 739 F.2d at 1394–95. The Court also declines defendant's
21 invitation to find harmless error on the basis of reasoning that the ALJ did not assert. *See* Dkt.
22 14, at 3 (arguing lack of treatment recommendation undermines plaintiff's claims).

23
24

1    Defendant further argues that Dr. Geffen's statement was somewhat ambivalent, stating

2 only that CTS "could" aggravate the spinal condition. *See* Dkt. 14, at 3. However, defendant's

3 argument is a reason that further factual findings are necessary regarding this opinion, and not a

4 reason to overlook the ALJ's failure to discuss it.

### IV.  Not Harmless Error and Remand for Further Proceedings

"ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination[,]' and . . . 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout v. Cmm'r*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).

Here, the vocational expert testified that lashing out at a supervisor would rule out competitive employment. *See* AR. 95. Leaving the work station for two hours at a time would also preclude competitive employment, although the vocational expert did not discuss the effect of shorter breaks. *See* AR. 96. Thus, had the ALJ included limitations consistent with finding that plaintiff required rare, short breaks to avoid lashing out at others, the outcome could well have differed, and the error is not harmless. Further, had the ALJ not overlooked Dr. Greffen's statement that CTS could aggravate a cervical spinal disorder, the ALJ's may not have concluded that the extent of plaintiff's allegations of spinal pain was inconsistent with the record.

However, the Court finds that further factual issues remain outstanding and require development of the record—for instance, the length of breaks necessary to avoid lashing out and whether such breaks would preclude competitive employment. As such, a remand for further proceedings, rather than an award of benefits, is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

1   Because the Court finds that the ALJ erred when assessing counselor Weeks' opinion and
2   because this error impacts the ALJ's weighing of the other opinion evidence about plaintiff's
3   mental impairments, the Court does not address plaintiff's arguments concerning the weight
4   given to state agency psychological consultants.  *See* Dkt. 10, at 1.  Similarly, because the Court
5   agrees with plaintiff that the ALJ erred in overlooking Dr. Griffen's statement about the
6   combined effect of CTS and cervical spinal disorder and because this error impacted the ALJ's
7   consideration of the evidence regarding plaintiff's physical impairments, the Court does not
8   reach plaintiff's arguments that the ALJ erred in relying on state agency medical consultants'
9   opinions (Dkt. 10, at 5) or by providing inadequate reasons to reject Nurse Shriner's opinions.
10  *See* Dkt. 10, at 6.
11      On remand, the ALJ should conduct the five-step disability analysis anew.  *See* Program
12  Operations Manual System (POMS) GN 03106.036 *Court Remand Orders*,
13  https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited May 30, 2019) (a court order
14  vacating a prior decision and remanding the case voids the prior decision and thus returns the
15  case to the status of a pending claim).
16
17                          CONCLUSION
18      Based on these reasons, and the relevant record, the undersigned recommends that this
19  matter be **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS** consistent
20  with this report and recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).
21  **JUDGMENT** should be for **plaintiff**, and the case should be closed.
22  ///
23
24

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
3 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo
4 review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit
5 imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 21, 2019,
6 as noted in the caption.

   Dated this 4th day of June, 2019.

   J. Richard Creatura
   United States Magistrate Judge